IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ELIZABETH MORALES MEDEL, | § | |
| *Plaintiff,* | § | 5:24-CV-01435-OLG-RBF |
| vs. | § | |
| MIGUEL LEIJAJR.,  GREYSTAR HEALTHCARE SERVICES, LLC, | § | |
| *Defendants.* | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Orlando L. Garcia:**

This Report and Recommendation concerns Plaintiff Elizabeth Morales Medel's Unopposed Motion to Dismiss With Prejudice. *See* Dkt. No. 19. This case was referred by the District Judge for disposition of all pretrial matters, pursuant to Rules CV-72 of Appendix C to the Local Rules for the United States District Court for the Western District of Texas. *See* Dkt. No. 9. Authority to enter this recommendation stems from 28 U.S.C. § 636(b)(1)(B).

For the reasons set forth below, the Unopposed Motion to Dismiss, Dkt. No. 19, should be **GRANTED** and this case should be **DISMISSED WITH PREJUDICE**.

**Factual and Procedural Background**

On December 16, 2024, Plaintiff Morales Medel sued Defendants Miguel Leija, Jr. and Greystar Healthcare Services, LLC, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, as well as claims of fraud, unjust enrichment, promissory estoppel, and breach of

contract. *See* Dkt. No. 1. As to the FLSA violations, Morales claims that Defendants failed to pay her the federal minimum wage and failed to pay her overtime. Dkt. No. 1 at ¶¶ 65, 66, 68, 69.

On August 1, 2025, the Court granted Plaintiff's Unopposed Motion to Stay the case for 120 days pursuant to the parties' settlement agreement executed on July 8, 2025. *See* Dkt. Nos. 17, 18. On November 21, 2025, Plaintiff filed an Unopposed Motion to Dismiss with Prejudice. *See* Dkt. No. 19. By and through her Motion, Plaintiff states that the parties have completed their obligations under the settlement agreement and moves to have her claims voluntarily dismissed. *Id*. Plaintiff's motion includes a Certificate of Conference, indicating that she conferred with Miguel Leija, Jr., both serving as an individual defendant and as Registered Agent for Defendant Greystar Healthcare Services, LLC., *see* Dkt. No. 5 (Issued summons), regarding the motion, and he did not oppose the relief sought therein. Dkt. No. 19 at 2.

The motion neither contains information on the agreed FLSA settlement nor otherwise indicates why this case is an exception to the general rule that settlements pertaining to an FLSA dispute must be reviewed by a court to ensure fair and reasonable compromise of a bona fide FLSA dispute. *See Bodle v. TXL Mortg. Corp.*, 788 F.3d 159, 164-65 (5th Cir. 2015). Accordingly, the Court ordered Plaintiff to file a supplement to the Unopposed Motion to Dismiss "provid[ing] any and all information necessary for the Court to evaluate the FLSA settlement or otherwise explain to the Court, supported by relevant authority, why the Court need not review the settlement agreement to ensure fair and reasonable compromise of a bona fide FLSA dispute." Dkt. No. 20 at 3.

Plaintiff responded to the Court's Show Cause Order with a Motion for Leave to File Under Seal and attached supplemental briefing. *See* Dkt. No. 21. The Court granted Plaintiff's Motion to File Under Seal and now reviews the Supplemental Brief, *see* Dkt. No. 21-2, and confidential

settlement agreement, *see* Dkt. No. 21-3. *See* Text Order, January 28, 2026.

**Analysis**

"When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982) (citation omitted). Under this framework, the reviewing court must determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Alaniz v. Maxum Petroleum Operating Co., Inc.*, No. 5:15-cv-00373-XR, 2016 WL 6462206, at *1 (W.D. Tex. Oct. 31, 2016) (quoting *Lynn's Food Stores*, 679 F.3d at 1355).

The Fifth Circuit has held that "[n]ot every FLSA settlement requires court approval . . . as 'parties may reach private compromises as to FLSA claims where there is a bona fide dispute as to the amount of hours worked or compensation due.'" *Allen v. Premier Flow Control, LLC*, 5:16-cv-0259-XR, 2016 WL 11582654, at *1 (quoting *Martin v. Spring Break '83 Prods., L.L.C.*, 688 F.3d 247, 255 (5th Cir. 2012)). But the Fifth Circuit's recognition that not all settlements require court approval involved somewhat unique facts: a retroactive evaluation of a previously executed, privately entered FLSA settlement that was negotiated by lawyers prior to any lawsuit being filed. *See id.* Also, the parties' dispute in *Martin* concerned only the number of hours worked and the rate of pay. *See id.*; *cf. Bodle v. TXL Mortg. Corp.*, 788 F.3d 159 (5th Cir. 2015) (declining to extend *Martin* to private settlement agreement negotiated during a state-court non-FLSA action). Given that it is still common practice for district courts in this Circuit to review FLSA settlements for fairness, the Court sees fit to review the parties' proposed settlement.  For the reasons discussed below, the parties' settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1355.

*Bona Fide Dispute.* The parties agree that "there exists a good-faith dispute about the amount that Plaintiff worked and the compensation owed." Dkt. No. 21-2 at 2. Plaintiff alleges that she generally "worked 35 hours per week . . . [and] sometimes worked more than 40 hours," and that "Defendants failed to pay her wages." *Id.* at 2-3 (citing Dkt. No. 1 at 64-68, 110, 111). In Defendant Leija's Answer, he asserts that Plaintiff was "approved for a specific number of hours per week [and] [a]ny additional hours worked were unauthorized and would not be compensated." *Id.* at 3 (citing Dkt. No. 7 at 2). The Court agrees that these contested issues indicate a bona fide FLSA dispute.

*Fair and Reasonable Resolution*. The Court concludes that the confidential settlement is fair and reasonable. While there is ongoing uncertainty with respect to the number of hours Plaintiff worked, the wage settlement "reflects the entirety of the pay that Plaintiff believes she was owed for hours worked." Dkt. No. 21-2 at 3; *see Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 720 (E.D. La. 2008) (explaining that in evaluating parties' FLSA settlement "the Court must keep in mind the 'strong presumption' in favor of finding a settlement fair"). The settlement also allows both parties to avoid the costs of further litigation and appeal. *See Sarabia v. Spitzer Indus., Inc.*, 4:17-cv-2092, 2018 WL 6046327, at *4 (S.D. Tex. Nov. 19, 2018) (holding that the potential 24-month duration between the lawsuit filing and a trial, as well as complex legal disputes remaining, weighed toward court-approval of the settlement) (citation omitted). The settlement was also negotiated on Plaintiff's behalf by her attorneys at Texas RioGrande Legal Aid, who have years of experience litigating similar claims and who believe the settlement is fair and reasonable to Plaintiff. *See Trevino v. Colt Oilfield Servs., LLC*, 5:18-cv-01304-FB-RBF, 2019 WL 3816302, at *2 (W.D. Tex. May 6, 2019) (finding a settlement to be fair and reasonable where

it was "negotiated by experienced attorneys and reflects an arms' length compromise of the disputed claims").

## Conclusion and Recommendation

For the reasons discussed above, it is recommended that Plaintiff's Unopposed Motion to Dismiss, Dkt. No. 19, be **GRANTED** and the case should **DISMISSED WITH PREJUDICE**.

Having considered and acted upon all matters for which the above-entitled and numbered case was referred, it is **ORDERED** that the above-entitled and numbered case is **RETURNED** to the District Court for all purposes.

## Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy by certified mail, return receipt requested, to those not registered. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Objections, responses, and replies must comply with the same page limits as other filings, unless otherwise excused by the district court's standing orders. *See* Rule CV-7. The objecting party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusory, or general objections. A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v.*

*Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to timely file written objections to the proposed findings, conclusions, and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

    **IT IS SO ORDERED**.

    **SIGNED** this 24th day of February, 2026.

            RICHARD B. FARRER
            UNITED STATES MAGISTRATE JUDGE